### KAMENOFF v. GAMMON.

(Supreme Court, Appellate Term. February 9, 1911.)

PHYSICIANS AND SURGEONS (§ 24*)—EMPLOYMENT—EVIDENCE—WEIGHT.

  In an action for a physician's services, involving issues whether he was employed and whether defendant made a payment on account, judgment for defendant *held* against the weight of the evidence.

  [Ed. Note.—For other cases, see Physicians and Surgeons, Dec. Dig. § 24.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Pando Y. Kamenoff against Bella Gammon. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

William T. Matthies, for appellant.

Maurice J. McCarthy (Francis X. Hennessy, of counsel), for respondent.

HENDRICK, J. The plaintiff appellant asks for a reversal of the judgment as against the weight of evidence. The plaintiff, a physician, testifies that defendant employed him to attend her mother, and that defendant, at the time of employment, agreed to pay him for his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

services, the value of which was $98. Of this sum $40 has been paid. The plaintiff contends that this $40 was paid by defendant on account, and as a result of a letter sent by him to her demanding payment. The defendant flatly denies the employment by her, and also denies that she paid $40, or any sum, on account. Her testimony is corroborated by the witness Delworth, who was in her employ. He testifies that the defendant's mother sent him to the plaintiff with a bill and money in an envelope; that the plaintiff took out the money, receipted the bill, and he took the receipt to defendant's mother.

Thus there is ample testimony to support the judgment. But to my mind the exhibits in the case show this oral testimony to be of little value. The plaintiff produced a letter, which he says he received in response to a letter requesting payment, sent by him to defendant. This letter is in the case, and no exception was taken to the ruling of the court admitting it. This letter, if genuine, is strong corroboration of the plaintiff's story. The defendant says it is a forgery. But a comparison of the signature to the letter with the admittedly genuine signature of the defendant upon the verification of her answer, and with her signature made upon the back of the letter in the presence of the court, can leave little doubt in the mind that the signature to the letter is that of defendant. No reason is suggested, nor is any apparent, why the defendant's mother, or any other person, should forge the letter which conveyed money to the plaintiff. No one could profit thereby, and every probability is against a finding of forgery. Coupled with this fact, an inspection and comparison of the signatures is decisive. The judgment is reversed, as against the weight of evidence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.